```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL ASSENG,

                         Plaintiff,

           -against-                    MEMORANDUM & ORDER
                                        14-CV-5275(JS)(AYS)
COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER JOHN BEISEL Serial
No. 7586, NASSAU COUNTY POLICE
OFFICER JOHN DOE #1, NASSAU COUNTY
POLICE OFFICER JOHN DOE #2, NASSAU
COUNTY POLICE SERGEANT ANTHONY
GABRIELLI, NASSAU COUNTY POLICE
SERGEANT JOHN DOE #3, and NASSAU
COUNTY ASSISTANT DISTRICT ATTORNEY
JOHN DOE #1,

                         Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Charles H. Horn, Esq.
                   Russell Friedman & Associates LLP
                   3000 Marcus Avenue, Suite 2E3
                   Lake Success, New York 11042

For Defendant:     Thomas Lai, Esq.
                   Nassau County Attorney's Office
                   1 West Street
                   Mineola, New York 11501
```

SEYBERT, District Judge:

On September 9, 2014, plaintiff Michael Asseng ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants County of Nassau ("the County"), Nassau County Police Officer John Beisel, Nassau County Police Officer John Doe #1, Nassau County Police Officer John Doe #2, Nassau County Police Sergeant Anthony Gabrielli, Nassau County Police Sergeant John Doe

#3, and Nassau County Assistant District Attorney John Doe #1 (collectively, "Defendants").  Plaintiff claims Defendants violated his Fourth and Fourteenth Amendment rights, and asserts state law claims for false arrest, malicious prosecution, failure to supervise, denial of medical treatment, assault, battery, and defamation. Pending before the Court is Defendants' partial motion to dismiss Plaintiff's false arrest, assault, battery, failure to supervise, and defamation claims. (Docket Entry 12.)  For the following reasons, Defendants' motion is GRANTED.

BACKGROUND[1]

Plaintiff Michael Asseng worked as a bus operator for ACME Bus Corporation.  (Compl. ¶ 15.)  On January 18, 2013, while operating a bus, Plaintiff was involved in a car accident with a stationary vehicle on Midwood Avenue in Farmingdale, New York. (Compl. ¶¶ 15-16.)  Plaintiff called the Nassau County Police Department ("NCPD") and NCPD Emergency Dispatch sent Police Officer Biesel, P.O. John Doe #1 and/or P.O. John Doe #2, and medical responders to the scene.  (Compl. ¶¶ 17, 20-23.)  The police officers asked Plaintiff whether he had consumed alcohol that day to which he responded in the negative.  Nevertheless,

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

three separate sobriety tests were conducted. (Compl. ¶¶ 25-36.) All three tests detected no alcohol. (Compl. ¶¶ 25-36.)

Although the medical responders at the scene informed the officers that Plaintiff should be taken to a hospital for medical care. Plaintiff was arrested and brought to the NCPD Headquarters. (Compl. ¶¶ 37-47.) After five hours of detention, Plaintiff was taken to the Nassau County Medical Center for drug and alcohol testing. (Compl. ¶ 54.) All Plaintiff's tests came back negative. (Compl. ¶ 56.) While at the Medical Center, however, Plaintiff was diagnosed with renal failure and underwent surgery. (Compl. ¶¶ 60-61.)

After the operation, Plaintiff fell into a coma for twenty days. (Compl. ¶¶ 67-69.) While Plaintiff was unconscious, Defendants released statements to the press "accusing [him] of four Felony Counts of Driving While Intoxicated and . . . releas[ed] the ages of the children who were present in the bus [that Plaintiff] was driving." (Compl. ¶ 71.) After six months, however, all criminal charges against Plaintiff were dismissed. (Compl. ¶ 90.)

Before commencing this lawsuit, Plaintiff sent a Notice of Claim (the "Notice") to the County. (Notice, Docket Entry 12-2, Ex. A.) The "Nature of the Claim" portion of the Notice states:

> Malicious prosecution, false arrest, false imprisonment, denial of due process, denial of civil rights, to wit; that on or about June 14,

> 2013, the [plaintiff] was exonerated of all charges in a groundless criminal prosecution. Negligence and personal injury, to wit; that at the time of [plaintiff's] arrest, he was denied reasonable and prudent medical care endangering [his] life and well being.

(Notice at 1.) In addition, the "Items and Injuries Claimed" portion of the notices states:

> The [plaintif] sustained serious bodily injury as a result of the [defendants'] failure to secure reasonable and prudent medical care when claimant was placed under arrest, resulting in a near loss of life. In addition, through the actions of the [defendants], the [plaintiff] was subjected to public humiliation and embarrassment and has been libeled in the media and public forums as a result of the false and malicious actions of the [Defendants].

(Notice at 2.)

Plaintiff filed suit on September 9, 2014 asserting in that Defendants denied him medical care and maliciously prosecuted him. (Compl. ¶¶ 66, 90.) More specifically, Plaintiff claims Defendants violated his Fourth and Fourteenth Amendment constitutional rights, and brings several state law claims for false arrest, malicious prosecution, failure to supervise, denial of medical treatment, assault, battery, and defamation. (Compl. ¶¶ 151-83, 196-207, 216-73.) Defendants move to dismiss only Plaintiff's false arrest, assault, battery, failure to supervise, and defamation claims. In support, Defendants argue (1) that Plaintiff's false arrest, assault, and battery allegations are time-barred; and (2) that Plaintiff's claims for failure to

4

supervise and defamation should be dismissed because they were not listed within the Notice. (Def.'s Br., Docket Entry 12-4, at 1.)

DISCUSSION

The Court will first address the applicable legal standard before turning to Defendant's motion.

I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the]

complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

I. The Notice of Claim

Defendants argue that Plaintiff's false arrest, assault, and battery claims must be dismissed because his Notice of Claim was not served within ninety days of the events underlying those claims. (Def.'s Br., at 5.)

It is well-settled that "in a federal court, state notice of claim statutes apply to state-law claims." Hardy v. N.Y. City Health and Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (emphasis in original); see also Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302, 2313, 101 L. Ed. 2d 123 (1988) ("[F]ederal courts entertaining state-law claims against . . . municipalities are obligated to apply the notice-of-claim provision."). "Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations." Hardy, 164 F.3d at 793 (citing N.Y. GEN. MUN. LAW § 50-e (2013)). Section 50-e mandates that "[i]n any case founded upon tort where a notice

of claim is required by law . . . the notice of claim shall . . . be served . . . within ninety days after the claim arises." N.Y. GEN. MUN. LAW § 50-e(1)(a). Plaintiff concedes that his claims for false arrest, assault, and battery all arose from events that occurred on January 18, 2013 and that the Notice was not timely with respect to those allegations. (Pl.'s Opp., Docket Entry 17, at 8.) Accordingly, Plaintiff's state law claims for false arrest, assault, and battery are hereby DISMISSED WITH PREJUDICE.

II. Sufficiency of the Notice of Claim

Defendants further contend that Plaintiff's defamation and failure to supervise claims should be dismissed because Plaintiff did not include them within the Notice of Claim. (Def.'s Br. at 5-6.) The Court agrees.

Under Section 50-e(2), the Notice of Claim must include "the nature of the claim; [ ] the time when, the place where and the manner in which the claim arose; and [ ] the items of damage or injuries claimed to have been sustained." Parise v. N. Y. City Dep't of Sanitation, 306 Fed. App'x 695, 696 (2d Cir. 2009) (alterations in original). The purpose of the Notice of Claim is to allow the municipality an "adequate opportunity to investigate the claim in a timely and efficient manner and where appropriate, to settle claims without the expense and risks of litigation." Fincher v. Cnty. Of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997). Therefore, "[t]he test of the notice's sufficiency is

7

whether it includes information sufficient to enable the city to investigate the claim." Hodge v. Vill. of Southampton, 838 F. Supp. 2d 67, 87 (E.D.N.Y. 2012) (citation omitted). Moreover, "'[a]ny cause of action not directly or indirectly mentioned in the notice of claim may not be included in a subsequent lawsuit.'" Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 110-11 (E.D.N.Y. 2011) quoting Fincher, 979 F. Supp. at 1003; see also Tyrrell v. Seaford Union Free Sch. Dist., 792 F. Supp. 2d 601, 636 (E.D.N.Y. 2011) (quoting Brown v. City of New York, 95 N.Y.2d 389, 393, 740 N.E.2d 1078 (2000)) (stating that "'[t]he test of the sufficiency of a Notice of Claim is merely whether it includes information to enable the [municipality] to investigate [the claim]'") quoting Brown v. City of N.Y., 95 N.Y.2d 389, 393, 718 N.Y.S.2d 4, 6, 740 N.E.2d 1078 (2000) (alterations in original).

A. Defamation

With respect to Plaintiff's defamation allegations, the pertinent part of the Notice of Claim sent to Nassau County states: "[the Plaintiff] was subjected to public humiliation and embarrassment and has been libeled in the media and public forums as a result of the false and malicious actions of the [Defendants]." (Notice at 2.) While these statements do generally describe defamation, they do not provide any detail about the time, place, or manner in which the alleged statements were made.

8

Indeed, Plaintiff's Notice does not identify what defamatory remarks were made, who made them, where they were made, or when they were made. "In determining whether a claimant has complied with the statutory requirements of notice for claims, 'the court should focus on the purpose served by the notice of claim and whether, based on the claimant's description, municipal authorities can locate the place, fix the time and understand the nature of the accident.'" Hodge, 838 F. Supp. at 87 quoting Niles v. City of Oneida, No. 06-CV-1492, 2009 WL 799971, at *3 (N.D.N.Y. Mar. 25, 2009); Kasachkoff v. City of New York, 107 A.D.2d 130, 133, 485 N.Y.S.2d 992 (1985) aff'd, 68 N.Y.S.2d 654, 496 N.E.2d 226 (1986) ("A notice which asserts that on a particular date, the time or approximate time not been specified, somewhere in the complex of buildings . . . unnamed employees of [a] hospital made defamatory statements, was not sufficient to give . . . notice [ ] contemplated by the statutory section."). Although the Complaint described how the NCPD and Nassau County District Attorney's Office "released statements to the press accusing Plaintiff of four Felony Counts of Driving While Intoxicated," (Compl. ¶ 71), the Notice only included the vague statement, "[Plaintiff] was subjected to public humiliation and embarrassment and has been libeled in the media and public forums as a result of the false and malicious actions of the [Defendants]." (Notice at 2.) Thus, Plaintiff's Notice did not contain sufficient information to allow the County

to investigate his defamation claim. Accordingly, Plaintiff's defamation claim is DISMISSED WITH PREJUDICE.

B. Failure to Supervise

Defendants argue that Plaintiff's failure to supervise claim should also be dismissed because it was not listed within the Notice. (Defs.' Br. at 5-6.) Plaintiff concedes that his failure to supervise claim is not explicitly raised in the Notice, but asserts that sufficient information was provided to allow Defendants to investigate the allegation. (Pl.'s Opp. at 12-14.) A Notice of Claim must "include a description sufficient to allow the municipality to 'locate the place, fix the time[,] and understand the nature of the [claim].'" Hargroves v. City of N.Y., No. 03-CV-1668, 2014 WL 1271024, at *5 (E.D.N.Y. Mar. 26, 2014) (alterations in original) quoting Ferlito v. Cnty. of Suffolk, No. 06-CV-5708, 2007 WL 4180670, at *3 (E.D.N.Y. Nov. 19, 2007). For example, in Hargroves, the court found that a Notice which described the Plaintiff's claim as "false arrest and imprisonment and malicious prosecution" did not adequately put the defendant on notice of Plaintiff's negligent supervision allegation. Id. at *5. The Court reasoned that the Notice both failed to set forth the specific legal theory the Plaintiff intended to pursue and did not list "facts that in any way suggest[ed] a claim for negligent hiring, training, and supervision." Id. at *6; see also Ferlito, 2007 WL 4180670, at *1 (dismissing negligent hiring and training

10

claims where the notice of claim lacked facts to support them). Plaintiff's Notice is similarly deficient. Although it lists causes of action for "malicious prosecution, false arrest, and false imprisonment," it makes no reference to negligent supervision and does not discuss facts that would raise the inference that Plaintiff intended to pursue such a claim. Accordingly, Plaintiff's state law claim for failure to supervise is hereby DISMISSED WITH PREJUDICE.[2]

CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Docket Entry 12) is GRANTED and Plaintiff's claims for false arrest, assault, battery, defamation, and failure to supervise are DISMISSED WITH PREJUDICE. Plaintiff's claims for malicious prosecution, the denial of medical treatment, excessive force, due process, failure to intervene, attorney fees, and Monell liability survive and shall proceed.

SO ORDERED.

Dated: July  30 , 2015         /s/ JOANNA SEYBERT
      Central Islip, NY         Joanna Seybert, U.S.D.J.

---

[2] Plaintiff does not seek leave to amend his notice of claim, and even if he did ask the Court to do so, the Court would be without jurisdiction to allow such an amendment. Tyrrell, 792 F. Supp. 2d at 637 ("[A]pplications for leave to file a late notice of claim, must be made to the New York State supreme court or county court."); N.Y. GEN. MUN. § 50-(e)(7).