UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL ASSENG,

                              Plaintiff,                            **MEMORANDUM**
                                                              **AND OPINION**

                -against-                                CV 14-5275 (AYS)

NASSAU COUNTY POLICE OFFICER
JOHN BEISEL Serial No. 7586,

                               Defendant.
-----------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Upon conclusion of this nearly decade-long matter, plaintiff Michael Asseng ("Asseng"

or "Plaintiff") seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988, after being awarded

a jury verdict on claims arising under 42 U.S.C. § 1983. In an application that already reflects a

reduced fee based upon their exercise of billing judgment, Plaintiff seeks $803,910.67[1] in

attorney's fees, and $33,353.48[2] in costs over the course of this hard-fought litigation.

Defendant opposes Plaintiff's motion on the grounds that the time spent by Plaintiff's counsel

was excessive, billing entries are vague and duplicative, and the hourly rates requested are more

than permitted in the Eastern District of New York.  While Plaintiff's current fee application

reflects voluntary exercises of billing judgment, reducing the hourly rate amount sought from the

attorney's actual hourly rate, Defendant seeks an across-the-board reduction of Plaintiff's fee

---

[1] As explained infra, Plaintiff requests $803,910.67 in attorneys' fees. However, based on the
hourly rates and hours submitted, the total requested amount of attorneys' fees should actually be
$817,131.33.
[2] Plaintiff originally sought $48,528.48 in costs but withdrew his request for expert fees in the
amount of $15,175.00. (See Plaintiff's Reply Memorandum of Law ("Reply"), at 4, DE [156-3].)
Thus, Plaintiff's actual total requested amount in costs is $33,353.48.

application.  For the following reasons, Plaintiff's motion is granted, such that Plaintiff is awarded the full amount of attorney's fees and costs requested, as set forth herein.

BACKGROUND

I.      The Underlying Litigation

Familiarity with the precise facts and procedural background of the underlying action is presumed.  Briefly summarized, this is a civil rights case brought pursuant to 42 U.S.C. § 1983 arising out of a school bus accident, which resulted in Plaintiff's arrest and subsequent prosecution by Nassau County for five felony counts of aggravated driving while intoxicated. The charges were later dismissed. Plaintiff commenced this action asserting, inter alia, claims for false arrest and denial of medical treatment in violation of Plaintiff's Fourth and Fourteenth Amendment constitutional rights.

Plaintiff initiated this action on September 9, 2014, alleging violations of his Fourth and Fourteenth Amendment constitutional rights, as well as several state law claims for false arrest, malicious prosecution, failure to supervise, denial of medical treatment, assault, battery, and defamation. (See Complaint ("Compl."), DE [1], ¶¶ 151-83, 196-207, 216-273.) On July 30, 2015, the Court dismissed Plaintiff's state law claims for false arrest, assault, battery, failure to supervise, and defamation. Following a protracted discovery period of four plus years, Defendants moved for summary judgment on November 5, 2020. (DE [111].)  On July 31, 2020, Plaintiff voluntarily agreed to withdraw five causes of actions, namely, his Section 1983 claims for failure to supervise, Monell liability, excessive force, substantive due process violations, and "unconstitutional policies, practices, and procedures." (See DE [104].)  Following the Court's December 16, 2021 denial of the Defendants' summary judgment motion (DE [116]), the parties attempted settlement in an unsuccessful Court ordered mediation.

In light of Plaintiff's voluntary dismissal of the five causes of action and the Court's denial of the Defendant's motion for summary judgment, on January 25, 2023, the parties proceeded to trial solely against defendant Nassau County Police Officer John Beisel Serial No. 7586 ("Defendant"). The jury was presented with three causes of action – false arrest, malicious prosecution, and denial of medical treatment. (See DE [116]). Plaintiff prevailed on his false arrest and malicious prosecution claims.

II.     The Present Fee Application

As noted, Plaintiff seeks a total of $817,131.33 in attorney's fees, and $33,353.48 in costs for more than 1,900 hours spent over the course of this nine-year litigation. The Court notes that, as the prevailing party, Plaintiff is entitled to seek recovery of fees representing hours worked during the litigation, as well as hours expended in connection with the preparation of this fee application, including reply papers.  See Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).  The Court further notes that Plaintiff has trimmed his fee application to reflect reduced hourly rates. Nonetheless, as discussed below, Defendant opposes the application in its entirety.

DISCUSSION

I.     Legal Principles

42 U.S.C. § 1988 ("Section 1988") grants a court the discretion to allow a prevailing party a "reasonable attorney's fee" as part of the costs incurred in a civil action.  42 U.S.C. § 1988(b).  There is no question that Plaintiff is the prevailing party within the meaning of Section 1988 and is thus entitled to a reasonable award.  The only issue before the Court is the amount of attorney's fees and costs to be awarded.

To determine a "reasonable" fee, a court must arrive at a reasonable hourly rate, which is then multiplied by the reasonable number of hours worked.  This is sometimes referred to as the

"lodestar" amount.  Millea v. Metro–N. R.R. Co., 658 F.3d 154, 166-67 (2d Cir. 2011); Lilly v. City of New York, No. 16 Civ. 322, 2017 WL 3493249, at *2 (E.D.N.Y. Aug. 15, 2017). The lodestar amount can be adjusted as appropriate.  Importantly, however, the lodestar fee is a presumptively reasonable fee that represents the starting point in fee calculation.  See Millea, 658 F.3d at 166; National Envtl. Safety Co., Inc. v. Katz, No. 18-cv-2161, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019)  The burden is on the party seeking an award of fees to "submit sufficient evidence to support the hours worked and the rates claimed."  Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).

The District Court has broad discretion when awarding a reasonable fee.  See Matusiak v. Erie County Water Auth., 757 F.3d 31, 64 (2d Cir. 2014).  Notably, "[t]he standard of review of an award of attorney's fees is highly deferential to the district court."  Carter v. City of New York, No. 18 Civ. 360, 2019 WL 1499190, at *2 (S.D.N.Y. April 5, 2019) (citing Mautner v. Hirsch, 32 F.3d 37, 38 (2d Cir. 1994)); see also Seigal v. Merrick, 619 F.2d 160, 161 (2d Cir. 1980).  Ultimately, whatever the hourly rate requested, that rate must be supported by evidence. See Trustees v. Cali Enterprises, No. 18-CV-3556, 2019 WL 2076784, at *5 (E.D.N.Y. May 10, 2019).  Such evidence should demonstrate that the experience of counsel and results obtained in the past, including prior awards in similar cases, supports the requested rate.  See Hugee, 852 F. Supp. 2d at 298.  However, the court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  Fox v. Vice, 563 U.S. 826, 838 (2011).  Accordingly, courts "may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time."  Id.  While such decisions will not be disturbed absent abuse, any decision reached must be properly explained and supported by the law as well as the facts and evidence in

each particular case.  See id. at 838-39; see also Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 533 (2d Cir. 2018).

When reviewing fee applications, a court relies on its familiarity with the case, "as well as on its experience with the parties' evidentiary submissions and arguments." Ruiz v. Maidenbaum & Assocs. P.L.L.C., No. 12 Civ. 5044, 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted).  This Court handled the discovery phase of this matter and, after consent to jurisdiction, presided over the trial on the merits. It is thus well-positioned to review the merits of the present motion.

A.    Hourly Rate

Broadly speaking, when considering what is "reasonable," courts consider "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007).  As observed by the Second Circuit, "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client . . . ." Id. (emphasis added).  The rate to be set must be "'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984)) (insertion in original).

Generally, the "forum rule" requires the court to use "the hourly rates employed in the district in which the reviewing court sits." Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011).  Under this rule, the court applies a presumption in favor of an award that reflects a prevailing district rate.  Simmons v. New York

City Transit Authority, 575 F.3d 170 (2d Cir. 2009).  To overcome this presumption, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result."  Id. at 175.  In addition to applying the hourly rates generally charged in the forum, the court must also consider:

- the complexity and difficulty of the case,

- the available expertise and capacity of the client's other counsel (if any),

- the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics),

- the timing demands of the case,

- whether an attorney might have interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself,

- whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and

- other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill, 522 F.3d at 184.

Many courts rely on an undisputed "forum rate" set forth by counsel to support a fee award.  When such hourly rates are proposed without quarrel, they are usually held to be reasonable, without discussion.  However, what may often be cited as the "forum rate" does not necessarily dictate the rate in all cases brought in a particular district.  Deciding the proper hourly rate (even assuming that rate is the "in district" rate) is not a "one size fits all" determination.  Instead, as the Arbor Hill factors demonstrate, the type of case, experience of counsel, and complexity of the matter may support an in-district rate that deviates from what is often cited as the appropriate "district rate."

Courts in this district hold a broad range of fees to be reasonable. See e.g.,. HVT, Inc. v. Port Auth. of New York & New Jersey, No. 15-cv-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), report and recommendation adopted, 2023 WL 6035673 (E.D.N.Y. Sept. 15, 2023) (awarding Plaintiff's lawyers with thirty years of experience an hourly rate of $630 per hour); Claud v. Brown Harris Stevens of the Hamptons, LLC, No. 2:18-cv-01930, 2024 WL 245261, *4 (Jan. 23, 2024) (awarding Plaintiff's attorney an hourly rate of $550 because inter alia "a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District."); Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, No. 10-cv-2262, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), report and recommendation adopted, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer in a civil rights case with a more than fifty-year career litigating similar cases an hourly rate of $600 per hour); Schwartz v. United States Drug Enforcement Administration, No. 13-CV-5004, 2019 WL 1299192, at *9 (E.D.N.Y. March 1, 2019) (awarding $500 hourly fee to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation), adopted by, 2019 WL 1299660 (E.D.N.Y. Mar. 21 2019); National Environmental, 2019 WL 1994049, at *2 (award based upon $500-$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case); Quintanilla v. Good Eats Meal Plan Corp., No. 18-CV-4350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019) (noting that courts generally award hourly rates ranging from $300-$400 for experienced attorneys litigating wage disputes); Cali Enterprises, 2019 WL 2076784, at *6 (noting propriety of award of between $200 and $325 per hour for junior associates litigating ERISA collection matter); Reiter v. Maxi-Aids, Inc., No. 14 CV 3712, 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (noting propriety of awarding up to $450 per hour

for partners and up to $325 for associates in fee shifting cases); <u>McLaughlin v. IDT Energy</u>, No. 14 CV 4107, 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018) (finding award of rates typical to the Eastern District and noted to be: "$550 for partners/equity owners with more than thirty years of experience, $500 for partners/equity owners with more than fifteen years of experience, $450 for partners/equity owners with more than ten years of experience, $400 for senior associates/associates with more than ten years of experience, $350 for senior associates/associates with six to nine years of experience, $300 for associates with three to five years of experience, $250 for associates with fewer than three years of experience") (report and recommendation).

Moreover, an hourly fee awarded in the past need not be "frozen in time" as to require the same rate to apply over a period of several years. <u>Luca v. County of Nassau</u>, 698 F. Supp. 2d 296, 302 (E.D.N.Y. 2010) (awarding experienced civil rights counsel hourly rate of $400 in fee award litigated in 2010 and noting that "the current hourly rate cannot logically be frozen in time"); <u>see</u> <u>also</u> <u>Almond v. P.J. Far Rockaway, Inc.</u>, No. 15-cv-6792, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) ("[A]ttorney's fees, like other goods and services, increase in cost with inflation."); <u>compare</u> <u>Carter</u>, 2019 WL 1499190, at *3 <u>with</u> <u>Lilly v. City of New York</u>, No. 16 Civ. 322, 2017 WL 3493249, at *10 (S.D.N.Y. Aug. 15, 2017) (awarding attorney $450 hourly fee in 2017, and awarding same attorney $500 hourly fee in 2019).

B.    <u>Hours Billed</u>

Like the hourly rate, the burden of establishing the reasonableness of the number of hours expended lies with the moving party.  <u>See</u> <u>Custodio v. American Chain Link & Const., Inc.</u>, No. 08 Civ. 7148, 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing <u>Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1160 (2d Cir. 1994)) (additional citations

omitted).  The party seeking fees must "provide accurate, detailed and contemporaneous time records."  Remache v. Mac Hudson Group, No. 14 CV 3118, 2018 WL 4573072, at *19 (E.D.N.Y. Sept. 7, 2018), adopted by, 2018 WL 4568860, at *1 (E.D.N.Y. Sept. 24, 2018); see also Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done").

Where hours are not properly documented, the court may reduce the fee "accordingly." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).  Fee applications must be reviewed so that "[h]ours that are 'excessive, redundant, or otherwise unnecessary,'" are excluded.  Id. at 434. Also relevant is the number of attorneys assigned to staff particular matters or events, such as appearances, oral arguments or depositions.  Thus, a district court can reduce the requested award "where the prevailing party assigned an inordinate number of attorneys to litigate the action."  Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997) (holding, in a Title VII case, that "it was within the purview of the court's discretion to determine whether or not the actual time expended by an additional attorney was reasonable").  Indeed, overstaffing of a matter constitutes a valid reason to object to hours billed and for the court to reduce a request.  See Lochren v. County of Suffolk, 344 F. App'x. 706, 709 (2d Cir. 2009) (affirming 25% reduction in hours billed "because plaintiffs overstaffed the case, resulting in the needless duplication of work and retention of unnecessary personnel").

In addition to overstaffing, fee applications are often attacked on the ground that attorney time records reveal impermissible "block billing," i.e., billing large numbers of hours to vaguely described multiple tasks.  Block billing is not per se unreasonable.  See Bedasie v. Mr. Z Towing, Inc., No. 13 CV 5453, 2017 WL 5664848, at *9 (E.D.N.Y. Nov. 27, 2017).  However,

such billing is objectionable when the "commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities."  Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313-14 (S.D.N.Y. 2009) (citations omitted).

While Courts must make case-specific findings as to fee awards, across-the-board percentage reductions may be applied, and are routinely upheld as reasonable.  Such reductions have long been recognized as a "practical means of trimming fat from a fee application."  Kirsch, 148 F.3d at 173 (citation omitted); see also Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").  Such across-the-board reductions may reflect the reviewing court's decision that billing records were not sufficiently detailed, contain inappropriate block billing, and/or that matters were overstaffed.  Courts have been held to have properly applied across-the-board reductions ranging generally from 15% to 50%.  See e.g., Matusick v. Erie County Water Authority, 757 F.3d 31, 64 (2d Cir. 2014) (upholding 50% reduction in light of "concerns regarding unspecified conferences, telephone calls, email correspondence, and reviews"); Francois v. Mazer, 523 F. App'x. 28, 29 (2d Cir. 2013) (upholding 40% reduction in hours); Green v. City of New York, 403 F. App'x. 626, 630 (2d Cir. 2010) (upholding 15% reduction); Miroglio, 629 F. Supp. 2d at (applying 15% reduction for time spent on clerical tasks, such as faxing documents, preparing duplicates, serving papers on defendants, and filing documents).

With these standards in mind, the Court turns to review the present fee application.

II.     The Present Application: Hourly Rate Requested and Hours Billed

A.      Hourly Rates Requested

Plaintiff has submitted a highly detailed request for fees, including well-supported requests as to hourly rates. The rates requested vary depending upon the experience of the attorney performing the work. Here, the Plaintiff was represented by four attorneys and one paralegal from The Russell Friedman Law Group, LLP (the "Law Group").

The Law Group included attorneys Charles Horn ("Horn"), Daniel Hallak ("Hallak"), Alexander Mun ("Mun"), and Spencer Shapiro ("Shapiro"). Attorney Horn, a 1996 law school graduate with extensive experience litigating civil rights cases, seeks an hourly fee of $450. Attorney Hallak, also an experienced civil rights litigator, who graduated law school in 2010, seeks an hourly rate of $400. Mun, another 2010 graduate, seeks an hourly rate of $375. Attorney Shapiro seeks to have his hours calculated at the rate of $350. Hours incurred by the paralegal, Diane Murphy ("Murphy"), are accounted for at an hourly rate of $100.

Plaintiff supports his hourly fee structure with documents showing the experience of each attorney. For ease of reference the Court annexes hereto Appendix A, a table listing each attorney for whom fees are sought, the year in which they graduated law school, and the hourly rates sought herein. The curriculum vitae of the attorneys are described in general and have been submitted to this Court as exhibits. (See Declaration of Charles Horn in Support of Plaintiff's Application for Attorney Fees Pursuant to Title 42 Section 1988 ("Horn Decl."), DE [155-1]; Declaration of Daniel S. Hallak in Support of Plaintiff's Application for Attorney Fees Pursuant to Title 42 Section 1988 ("Hallak Decl."), DE [155-3]; Declaration of Spencer D. Shapiro in Support of Plaintiff's Application for Attorney Fees Pursuant to Title 42 Section 1988 ("Shapiro Decl."), DE [155-4]; Declaration of Alexander H. Mun in Support of Plaintiff's Application for Attorney Fees Pursuant to Title 42 Section 1988 ("Mun Decl."), DE [155-5]. )

As noted above and revealed by his submission, in an effort to exercise billing judgment, Plaintiff reduced the hourly rate of trial attorney Horn to $450 per hour. Horn billed at the $450 hourly rate at the outset of the case, but over the course of this case's nine-year journey, his hourly rate increased to $500 per hour in 2017, and today, is $600 per hour.

B.     Number of Hours

Plaintiff has produced detailed contemporaneous time records supporting the hours they worked and describing the type of work performed. (Exhibit A, DE [155-2]; DE [156-2].) In addition to requesting hourly fees, Plaintiff seeks reimbursement of expenses in the amount of $33,353.48.  Records regarding those expenses are included in Exhibit A as well as Exhibit B of Horn's Reply Declaration.  (Reply Declaration of Charles Horn ("Horn Reply. Decl."), Exhibit B, DE [156-1]; DE [155-2].)

In sum, the total amount of attorney fees sought by Plaintiff, is as follows:

| Name | Hourly Rate Requested | Total Hours | Rate x Hours |
|---|---|---|---|
| Charles Horn | $450 | 1212.58 | $545,661.00 |
| Daniel S. Hallak | $400 | 501.33 | $200,247.33 |
| Spencer D. Shapiro | $350 | 151.18 | $52,913.00 |
| Alexander Mun | $375 | 46.00 | $16,650.00 |
| Diane Murphy | $100 | 16.60 | $1660.00 |
|  | **Total Requested** | **1927.69** | **$817,131.33** |

III.    Disposition of the Motion

    A.    Hourly Rates

The Court must determine whether the rates are reasonable in the context of this particular fee-shifting litigation.  As the cases discussed above indicate, Defendant cannot reasonably attack the vast majority of the hourly rates sought – between $100 and $450.  Those rates are supported by Eastern District case law going back as far as 2014.  Indeed, in light of the experience of Plaintiff's attorneys, those rates fall squarely in the middle ground of fees awarded in the Eastern District of New York.  This Court therefore holds that the hourly rates for attorneys Horn, Hallak, Mun, Shapiro and paralegal Murphy are undoubtedly reasonable 2023 Eastern District rates.

This Court holds that all of the hourly fees requested, are appropriate to award in this matter in this forum.

As noted, Horn is a 1996 graduate of St. John's University School of Law.  (Horn Decl. ¶ 2.)  He has actively litigated civil rights cases throughout his nearly thirty-year career. (Horn Decl. ¶¶ 4 -13.)  Horn regularly handles complex civil rights cases containing allegations inter alia of excessive force, false arrest, malicious prosecution, and denial of medical treatment. (Id.)  Eleven years ago, while an associate, Horn was awarded a $350 hourly rate by this Court in connection with a Section 1988 attorney fee application, following a jury award in the Title 42 Section 1983 case Tretola v. County of Nassau, No, 08-cv-3225 (DRH)(WDW).

Attorney Hallak is a 2010 graduate of the Touro University Jacob D. Fuschberg Law Center.  (Hallak Decl. ¶ 2.)  From 2013-2018, he was an Assistant Attorney General for the State of New York, where he defended New York agencies in civil rights actions brought pursuant to

42 U.S.C. § 1983. (Hallak Decl. ¶ 4.) Following his time at the Attorney General's office he joined The Law Group. (Hallak Decl. ¶ 5.) Hallak focused his tenure at The Law Group on civil rights litigation. (Hallak Decl. ¶ 6.)

Attorney Mun is a 2010 graduate of the Thomas Jefferson School of Law. (Mun Decl. ¶ 2.) Since joining the Law Group as an associate in 2014 he has handled civil cases in both state and federal court. (Mun Decl. ¶ 5.)

Attorney Shapiro graduated from St. John's University School of Law in 2017. (Shapiro Decl. ¶ 2.) Upon entering practice, Shapiro was a Deputy County Attorney for the County of Nassau, where he routinely defended Nassau County in civil rights actions. (Shapiro Decl. ¶ 4.) Since joining the Law Group in in 2021, Shapiro has prosecuted inter alia, prosecuted over ten federal claims on behalf of plaintiffs alleging violations of their constitutional rights. (Shapiro Decl. ¶ 6.)

Defendant argues that the requested rates are all excessive for this District. Defendant cites cases within this District awarding partner fees of $450 for only the most experienced, peer recognized experts. See Def's. Opp. at 13, DE [157]. Defendant avers that Horn does not demonstrate that he rises to such a level. Further, Defendant asserts that senior associate rates, specifically the rate requested by Hallak, should be capped at no more than $325. Id. at 14. Finally, Defendant seeks to compensate Shapiro at a $250 hourly rate, as Defendant cites to cases awarding rates of over $300 an hour to only senior associates. Id. at 15.

This Court disagrees. As held in Luca v. County of Nassau, "the current hourly rate cannot logically be frozen in time." 698 F. Supp. 2d at 302 (E.D.N.Y. 2010) (awarding experienced civil rights counsel hourly rate of $400 in fee award litigated in 2010). Attorney rates, like the rates of all other sectors of the economy increase. The rates awarded in the Eastern

District, while a broad range, have remained a stagnant broad range for the last decade. Increases in rates in all other sectors of the economy have not remained as stagnant. Hourly rates were never meant to remain the same for periods of years prior decades. See Almond v. P.J. Far Rockaway, Inc., No. 15-cv-6792, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) ("[A]ttorney's fees, like other goods and services, increase in cost with inflation."); compare Carter, 2019 WL 1499190, at *3 with Lilly v. City of New York, No. 16 Civ. 322, 2017 WL 3493249, at *10 (S.D.N.Y. Aug. 15, 2017) (awarding attorney $450 hourly fee in 2017, and awarding same attorney $500 hourly fee in 2019).

Plaintiff's requested rates are not excessive. Instead, they fall squarely within the typically awarded range. Horn is an experienced civil rights litigator with a distinguished career. Awarding him less that the reasonable requested hourly rate of $450, for successfully litigating this case to trial is absurd. See Centro de la Comunidad Hispana de Locust Valley, 2019 WL 2870721, at *10. Further, as Horn was awarded $350 an hour as an associate on a fee application in this same Court over eleven years ago, awarding only $50 more over a decade later, as requested by Defendants, is unreasonable. Similarly, awarding a senior associate with strong civil rights experience $400 an hour is not excessive in 2024. It is keeping attorney rates in this District in line with a "reasonable" rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  Arbor Hill, 522 F.3d at 190.

The Court finds Defendant's suggested rates of $250 per hour for Shapiro and $75 per hour for paralegal Murphy similarly unsupported. Shapiro, an associate with a strong civil rights background due to his tenure as Deputy County Attorney for the County of Nassau shall be awarded the requested $300 per hour. Murphy, a paralegal since 2010, shall be awarded the

requested rate of $100 per hour, as that rate is well within those regularly awarded in this District. See Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (discussing hourly rates for paralegals in the Eastern District range form $75 - $100.)

For the foregoing reasons, the Court holds that the hourly rates requested are within the appropriate range of fees that may be awarded in the Eastern District of New York.  Therefore, Plaintiff's attorneys' fees shall be calculated at the rates requested.

      B.    Number of Hours Worked

In addition to arguing against the hourly rates requested by Plaintiff's counsel, Defendant argues that the records submitted do not contain the required detail.  Defendant characterizes the records as vague, reliant on block billing, and replete with excessive and duplicative entries. Defendant questions not only the number of attorneys who worked on this litigation, but the particular tasks alleged to have been performed by each.

First, as to the sufficiency of the billing records, the Court finds that Plaintiff's application properly supports the hours spent on the tasks for which compensation is sought. The records submitted properly detail the hours spent and tasks performed by each attorney.

Additionally, this is not a case where an inordinate number of attorneys appeared at depositions and court conferences.  Thus, this case is readily distinguishable from those where, for example, multiple attorneys sought to bill their time for attendance at a deposition.  E.g., LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 524-25 (S.D.N.Y. 2010) (reducing fees for overstaffing, including three or more attorneys attending depositions).  While it is certainly true that a single attorney can conduct a deposition or present a trial, it is neither excessive nor out of the ordinary to have two attorneys (typically one senior and one junior) attend a deposition and present a trial.  It is often the case that the presence of a second attorney facilitates the swift

flow of such proceedings by helping to prepare and provide exhibits.  In any event, this Court hold that the number of attorneys representing Plaintiff here was appropriate.  See Lochren v. Cty. of Suffolk, No. 01-CV-3925, 2010 WL 1207418, at *3 (E.D.N.Y. Mar. 23, 2010) (awarding attorney fees to thirteen lawyers who worked on a discrimination case spanning five years); In re Nassau Cty. Strip Search Cases, 12 F. Supp. 3d 485, 500 (E.D.N.Y. 2014) (awarding attorney fees to twenty-seven attorneys and twenty-three paralegals).

This Court also rejects Defendants' argument that Plaintiffs' fee application should be reduced for block billing.  The Second Circuit has described block billing as "the grouping of multiple tasks into a single billing entry."  Hines v. City of Albany, 613 F. App'x 52, 55 (2d Cir. 2015).  As stated above, block billing is "not per se unreasonable."  Id. (citing Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 266 (2d Cir. 2014)).  "While block-billing is disfavored and may lack the specificity for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed."  Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010) (quoting Mugavero v. Arms Acres, Inc., No. 03 Civ. 5724, 2010 WL 451045, at *8 (S.D.N.Y. Feb. 9, 2010)).  Having reviewed the time records submitted by Plaintiff's counsel, this Court finds that they provide sufficient detail to determine the reasonableness of the work performed.  Accordingly, the Court finds no basis for reducing Plaintiff's fee application on the grounds of block billing.

Additionally, the Court rejects Defendant's arguments that Plaintiff's attorneys spent an excessive amount of time on particular tasks, such as preparing for and conducting depositions and legal research.  As stated above, the hours detailed in Plaintiff's counsels' billing records are reasonable given the protracted nature of this litigation.  The Court finds that Plaintiff's counsel achieved excellent results on behalf of their client, especially in light of how vigorously this

action was fought by Defendant.  Accordingly, this Court declines to find that any of the tasks performed by Plaintiff's counsel should have taken less time than the amount billed.

The Court similarly disagrees with Defendant concerning seeking a reduction in fees because Plaintiff did not prevail on certain claims. Where, as here the claims arise out of a single set of circumstances, the reduction sought is inappropriate. In Chen v. County of Suffolk, for example, eight federal and state claims were alleged in the complaint, but only the claims of excessive force went to trial, and two out of three defendant police officers were found liable. Nonetheless, the Court held that "[b]ecause all of the claims arose out of [a single] incident, it is difficult to divide the hours expended on a claim-by-claim basis and deduct those hours associated with any unsuccessful claims." 927 F. Supp. 2d 58, 74-75 (E.D.N.Y. 2013); see also Green v. Torres, 361 F.3d 96, 98 n.2 (2d Cir. 2004) (citing Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003) ("even without commonality of law, plaintiff's claims were related for the purpose of awarding fees where all of the plaintiff's 'claims arose out of a common core of facts and a common course of conduct: [p]laintiff's arrest, detention, and prosecution.'"); L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm. Of Nassau Cty., 865 F. Supp. 2d 284, 297 (E.D.N.Y. 2012) ("the two unsuccessful causes have a partial common core of facts with the successful causes of action but do not share related legal theories").

Here, all of Plaintiff's causes of actions arose from the same facts, are contemporaneous in time, and involve the same parties. Accordingly, Plaintiff's claims are intertwined. The fact that he was unsuccessful on some of his causes of action is of no consequence. Simply stated, Plaintiff alleged his constitutional rights were violated in connection with a single set of circumstances, and a jury agreed with him. Thus, Plaintiff was ultimately successful in his litigation.

Finally, as to hours worked, Plaintiff seeks compensation for the 29.95 hours worked on the attorney's fee application. Unless expressly prohibited by the terms of  Federal Rule of Civil Procedure 68 offer, a district court can award attorney's fees for hours expended on an attorney's fee application—so-called "fees on fees." See Lilly v. City of New York, 934 F.3d 222, 235 (2d Cir. 2019); see also Hines v. City of Albany, 862 F.3d 215, 223 (2d Cir. 2017). However, the hours expended must be reasonable. Anderson v. Cnty. of Suffolk, CV 09-1913 (GRB), 2016 WL 1444594, at *9 (E.D.N.Y. Apr. 11, 2016). Courts have held that up to thirty hours to be reasonably spent in preparing and defending fee application. See, e.g., Johnson v. City of New York, No. 11-CV-6176 (ENV) (CLP), 2016 WL 590457, at *7 (E.D.N.Y. Feb. 11, 2016); see also Anderson, 2016 WL 1444594, at *9 (holding 21.26 hours reasonable). Therefore, Plaintiff's requested 29.95 hours for time spent on the attorney's fee application are reasonable.

Accordingly, this Court finds the hours billed by Plaintiff's counsel reasonable and recommends that Plaintiff be awarded the full amount of attorney's fees sought - $817,131.33.

C.    Costs

Plaintiffs also seek a total of $33,353.48 in costs and disbursements in connection with the instant action.  These costs include inter alia, $15,872.25 for court reporter fees/transcripts, $2,785.00 in arbitration and mediation fees, $6,515.35 for process service fees, $1,461.64 for expenses paid to prior law firm, as well as fees for postage, copying, filing etc. Defendant challenges the costs for service of process arguing that Plaintiff has failed to demonstrate the reasonableness of the $6,515.35 charges. (Def. Mem. of Law in Opp'n 32.) Defendant also takes issue with court reporter and transcript fees sought. Defendant avers that because not all of the transcripts were used at the trial, they were not necessary to the litigation and the fees recovered should be reduced to reflect such. (Def. Mem. of Law in Opp'n 32.)

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). It is well-established that "expenses recoverable under fee-shifting statutes such as 42 U.S.C. § 1988 are not limited to the costs taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1." Garcia v. City of New York, No. CV 11-2284, 2013 WL 5574507, at *9 (E.D.N.Y. Oct. 9, 2013). "Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." Kuzma v. I.R.S., 821 F.2d 930, 933–34 (2d Cir. 1987). Court filing fees, process servers, postage, and transcripts are also recoverable. Hanover Ins. Co. v. D'Angelo, No. CV 13-4301, 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018) (citation omitted). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Plaintiff seeks costs incurred in taking the depositions of witnesses. Local Rule 54.1(c)(2) is clear and unequivocal when it states that costs are allowed for an original and copy of a transcript "is taxable if the deposition was used or received in evidence at the trial." Notwithstanding this rule, the cases have established the sensible rule that the costs of depositions not used at the trial may nevertheless be taxed for costs where they "appear to have been reasonably necessary to the litigation at the time they were taken." Cush–Crawford v. Adchem Corp., 94 F. Supp. 2d 294, 303 (E.D.N.Y. 2000) (citing to Sim v. New York Mailers' Union No. 6, No. 97 Civ. 2929 HB, 1999 WL 674447, at *1 (S.D.N.Y. Aug. 30, 1999)); Malloy

v. City of New York, et al., No. 98-CV-5823 (JG), 2000 WL 863464, (E.D.N.Y. Jun. 23, 2000)

("further, the unused portions were reasonably necessary to the case at the time it was taken").

Also, as stated in Manzo v. Sovereign Motor Cars Ltd., No. 08-CV-1229 (JG)(SMG), 2010 WL

1930237, (E.D.N.Y. May 11, 2010) the rule on taxable costs for depositions was clearly set forth.

> While defendants are correct that the cost of a deposition and one copy is taxable
> as a cost under Local Civ. R. 54.1(c)(2) only "if the deposition was used or
> received in evidence at the trial," "[t]he plain language of [Local Rule 54.1] ...
> suggests the word "use" extends well beyond explicit reliance on the deposition."
> Whitfield v. Scully, 241 F.3d 264, 271 (2d Cir. 2001). Each of the six depositions
> falls within the broad meaning of the word "use," and is taxable as a cost. See
> Cush–Crawford v. Adchem Corp., 94 F. Supp. 2d 294, 303 (E.D.N.Y. 2000)
> (concluding that to be taxable, it suffices that at the time the deposition was taken,
> it was reasonably expected that the transcript would be used for trial preparation).

Id., at 39 n. 18. Local Rule 54.1(c)(2) also provides that "costs for depositions are also taxable if

they were used by the Court in ruling on a motion for summary judgment ...."

In the instant case, of the over ten depositions that Plaintiff seeks costs for, at least seven

of them were used to support Plaintiff's motion for summary judgment. Thus, any deposition

used by the court in ruling on that motion are awarded. Further, it is this Court's position that in

most cases, this one included, depositions move discovery along faster than rounds of

interrogatories. Although discovery took over four years to complete, the instant case was

complex. Throughout its first six years this case had multiple defendants, as well as multiple,

intertwined, causes of actions. In light of these facts, this Court concludes that at the time the

remaining depositions were conducted, they appeared to be reasonably necessary to the

litigation. Accordingly, the Plaintiff is awarded the full $15,872.25 for court reporter

fees/transcripts.

The Court similarly rejects Defendant's objection to Plaintiff's request of $6,515.35 for

process service fees. As discussed supra, pursuant to 28 U.S.C. § 1988, a prevailing party may

recover certain costs, such as filing and service of process fees. See Anderson, 132 F. Supp. 2d at 245. Plaintiff has submitted billing slips for the service process fees in as Exhibit A of Horn's Reply Declaration.  (Reply Declaration of Charles Horn ("Horn Reply. Decl."), Exhibit A, DE [156-1].) Plaintiff posits that many of the service process fees were incurred as a result of defense counsel's unwillingness to accept service on behalf of the County of Nassau employees or the County of Nassau not accepting service on behalf of retired employees or the witnesses themselves evading service. (Reply Memo. at 15, DE [156-3].) As Plaintiff has provided both documentation and explanation for the requested costs, the full $6,515.35 for service process fees is awarded.

Based on the foregoing, this Court recommends that Plaintiff be awarded the requested amount of $33,353.48 in costs

CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs, appearing at Docket Entry [155], is granted.  Plaintiff shall be awarded $817,131.33 in attorney's fees and $33,353.48 in costs, for a total monetary award of $850,484.81.


**SO ORDERED:**

Dated: Central Islip, New York
       February 19, 2024                           /s/      Anne. Y. Shields
                                                   ANNE Y. SHIELDS
                                                   United States Magistrate Judge

Exhibit A

| Name | Law School Graduation Year | Rate Requested | Prior Rates Awarded |
|---|---|---|---|
| Charles Horn | 1996 | $450/hour | $350/hour |
| Daniel S. Hallak | 2010 | $400/hour | |
| Spencer D. Shapiro | 2017 | $350/hour | |
| Alexander Mun | 2010 | $375/hour | |
| Diane Murphy | Paralegal | $100/hour | |